# Exhibit B

IN RE HOPE COLLEGE DATA
SECURITY BREACH LITIGATION

Case No: 1:22-cv-01224-PLM

## DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF SETTLEMENT NOTICE PLAN

I, Cameron R. Azari, Esq., declare as follows:

1.      My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice, and I have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.      I am a Senior Vice President with Epiq Class Action & Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"); a firm that specializes in designing, developing, analyzing and implementing large-scale legal notification plans.  Hilsoft is a business unit of Epiq.

4.      The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq.

### OVERVIEW

5.      This declaration describes the implementation of the Notice Plan ("Notice Plan") and Notices ("Notice" or "Notices") for *In re Hope College Data Security Breach Litigation,* Case No: 1:22-cv-01224-PLM, in the United States District Court for the Western District of Michigan. I previously executed my *Declaration of Cameron R. Azari, Esq. on Settlement Notice Plan* ("Notice Plan Declaration") on September 8, 2023, which described the Notice Plan, detailed Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae.*  I also provided

my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice plans.

## NOTICE PLAN SUMMARY

6.    Federal Rule of Civil Procedure, Rule 23 directs that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."[1] The Notice Plan as implemented satisfied these requirements.

7.    The Notice Plan as designed and implemented reached the greatest practicable number of identified Settlement Class members with individual notice. The Notice Plan individual notice efforts reached approximately 96% of the identified Settlement Class members. The reach was further enhanced by a Settlement Website. In my experience, the reach of the Notice Plan was consistent with other court-approved notice plans, was the best notice practicable under the circumstances, and satisfied the requirements of due process, including its "desire to actually inform"[2] requirement.

## CAFA NOTICE

8.    On January 12, 2024, Epiq sent 57 CAFA Notice Packages ("CAFA Notice") on behalf of Defendant Hope College, as required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715. The CAFA Notice was sent via United States Postal Service ("USPS") Certified Mail to 55 officials, which included the Attorneys General of 49 states, the District of Columbia, and the United States Territories. As per the direction of the Office of the Nevada Attorney General, the CAFA Notice was sent to the Nevada Attorney General electronically via email. The CAFA Notice was also sent via United Parcel Service ("UPS") to the Attorney General

---

[1] Fed. R. Civ. P. 23(c)(2)(B).
[2] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF SETTLEMENT NOTICE PLAN

of the United States. Details regarding the CAFA Notice mailing are provided in the *Declaration of Kyle S. Bingham on Implementation of CAFA Notice*, dated January 15, 2024, which is included as **Attachment 1**.

## NOTICE PLAN DETAIL

9. On January 3, 2024, the Court approved the Notice Plan and appointed Epiq as the Settlement Administrator in the *Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement* ("Preliminary Approval Order"). In the Preliminary Approval Order, the Court approved and certified the following Settlement Class:

> [A]ll natural persons whose Personal Information was compromised in the Data Breach that was discovered by Hope College on or around September 27, 2022.

> Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their immediate families and their staff; (2) Hope College, its subsidiaries, parent companies, successors, predecessors, and any entity in which Hope College or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

10. After the Court's Preliminary Approval Order was entered, Epiq began to implement the Notice Plan. This declaration details the notice activities undertaken to date and explains how and why the Notice Plan was comprehensive and well-suited to reach the Settlement Class Members. This Declaration also discusses the administration activity to date.

## NOTICE PLAN

### *Individual Notice*

11. On January 11, 2024, Epiq received two data files with 166,937 records for identified Settlement Class Members, including names and last known mailing addresses. Epiq deduplicated and rolled-up the records and loaded the unique, identified Settlement Class Member records into its database for the case. These efforts resulted in 166,924 unique, identified Settlement Class Member records. As a result, 166,157 identified Settlement Class Members were sent a double Postcard Notice with Claim Form ("Postcard Notice") via USPS first class mail (767 records did not contain a valid mailing address and were not sent notice).

12.     On February 7, 2024, Epiq sent 166,157 Postcard Notices to identified Settlement Class Members for whom an associated physical mailing address was available.  The Postcard Notices were sent via USPS first-class mail.  The Postcard Notices clearly and concisely described the case, the Settlement, the legal rights of the Settlement Class Members, and directed Settlement Class Members to the Settlement Website for additional information.  The Postcard Notice is included as **Attachment 2.**

13.     Prior to sending the Postcard Notice, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure Settlement Class Member address information was up-to-date and accurately formatted for mailing.[3]  In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

14.     The return address on the Postcard Notices is a post office box that Epiq maintains for this case.  The USPS automatically forwarded Notices with an available forwarding address order that has not expired ("Postal Forwards").  Notices returned as undeliverable were re-mailed to any new address available through USPS information, (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order has expired, but was still within the time period in which the USPS returned the piece with the address indicated), and to better addresses that were found using a third-party lookup service.  Upon successfully locating better addresses, Postcard Notices were promptly remailed.  As of May 6, 2024, Epiq has remailed 19,174 Postcard Notices.

---

[3] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service™.  The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery-point-coded addresses, for matches made to the NCOA file for individual, family, and business moves.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF SETTLEMENT NOTICE PLAN

15.    Additionally, a Long Form Notice and Claim Form ("Claim Package") was mailed to all persons who request one via the toll-free telephone number or other means.  As of May 6, 2024, Epiq mailed 90 Claim Packages as a result of such requests.  The Long Form Notice is included as **Attachment 3.**  The Claim Form is included as **Attachment 4.**

### *Notice Results*

16.    As of May 6, 2024, a Postcard Notice was delivered to 161,412 of the 166,924 unique, identified Settlement Class Members.  This means the individual notice efforts reached approximately 96% of the identified Settlement Class Members.

### *Settlement Website*

17.    On February 6, 2024, Epiq established a neutral, informational Settlement Website with an easy to remember domain name (www.HopeCollegeSettlement.com).  The Settlement Website allows Settlement Class Members to obtain detailed information about the case and review relevant documents, including the Complaint, Long Form Notice, Short Form Notice, Claim Form, Preliminary Approval Order, Settlement Agreement, and Motion for Attorneys' Fees, Costs, Expenses, and Services Awards.  The website also allows Settlement Class Members to easily file their Claim online.  In addition, the Settlement Website includes answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members could opt-out (request exclusion) or object, contact information for the Settlement Administrator, and how to obtain other case-related information.  The Settlement Website address was prominently displayed in all notice documents.  As of May 6, 2024, there have been 12,362 unique visitor sessions to the settlement website, and 43,196 web pages have been presented.

### *Toll-free Telephone Number and Postal Mailing Address*

18.    On February 6, 2024, Epiq established a toll-free telephone number (1-888-511-1291) to allow Settlement Class Members to call for additional information and listen to answers to FAQs, and to request that a Claim Package be mailed to them.  This automated phone system is available 24 hours per day, 7 days per week.  The toll-free telephone number was prominently

displayed in all notice documents. As of May 6, 2024, there have been 452 calls to the toll-free telephone number representing 1,190 minutes of use.

19. An email address and a postal mailing address were established and continues to be available to allow Settlement Class Members the opportunity to request additional information or ask questions.

### *Requests for Exclusion and Objections*

20. The deadline to request exclusion from the Settlement or to object to the Settlement was April 8, 2024. As of May 6, 2024, Epiq has received six requests for exclusion. As of May 6, 2024, Epiq is aware of no objections to the Settlement. However, Epiq is aware that correspondence was sent to Settlement Class Counsel that failed to meet the requirements of an objection, however, the communication may be considered an objection. Nothing in the correspondence is regarding notice or settlement administration. The Exclusion Report is included as **Attachment 5.**

### *Claims Submissions and Distribution Options*

21. The Notices provided a detailed summary of the relevant information about the Settlement, including the Settlement Website address and how Settlement Class Members can file a Claim Form online or by mail prior to the claim filing deadline. With any method of filing a Claim Form, Settlement Class Members have the option of receiving a digital payment or a traditional paper check.

22. The deadline for Settlement Class Members to file a Claim Form is May 7, 2024. As of May 6, 2024, Epiq has received 6,318 Claim Forms (6,211 online and 107 paper). The following table provides additional details regarding the eligible benefits that have been claimed.

| *Claim Detail* | *Claim Count*[4] | *Estimated Value* |
|---|---|---|
| Credit Monitoring and Identity Protection | 722 | $7,220[5] |

---

[4] These stats indicate the number of Claim Forms received and processed to date and are still undergoing final review.

[5] The Credit Monitoring value is $10 per enrollment.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF SETTLEMENT NOTICE PLAN

| Claim Detail | Claim Count[5] | Estimated Value |
|---|---|---|
| Documented Loss Payment | 9 | $288.00[6] |
| Cash Fund Payments | 5,587 | $773,500[7] |

23.     Since the May 7, 2024, claim filing deadline has not yet passed, these numbers are preliminary.  By that deadline, I expect additional claims will have been filed by Settlement Class Members.  As standard practice, Epiq is in the process of conducting a complete review and audit of all Claim Forms received.  There is a likelihood that after detailed review, the total number of Claim Forms received will change due to duplicate and denied Claim Forms.

### CONCLUSION

24.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice plan be designed to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way.  All of these requirements were met in this case.

25.     The Notice Plan included individual notice via first class mail to the identified Settlement Class members.  With the address updating protocols that were used, the Notice Plan individual notice efforts reached approximately 96% of the identified Settlement Class members. The reach was further enhanced by the Settlement Website.

---

[6] Settlement Class Members who submit a valid claim using the Claim Form are eligible to receive reimbursement for documented loss payment not to exceed $5,000 per Settlement Class Member. To date, Epiq has validated $288.00 of the $43,062.23 claimed for the nine claims received.  The dollar amount validated may increase as claims continue to be reviewed.  The maximum allowed amount per valid Documented Loss claim is $5,000.  Any valid claims exceeding this maximum will be reduced to $5,000 per claim, as applicable.

[7] This total represents an estimated "Post CM/DL Net Settlement Fund" that would be divided between valid Cash Fund Payment claims.

26.     The FJC's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*, which is relied upon for federal cases, states that "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the Settlement Class.  It is reasonable to reach between 70–95%."[8] Here, the Notice Plan achieved a reach beyond the highest end of that standard.

27.     The Notice Plan described above provided the best notice practicable under the circumstances of this case, and conformed to all aspects of Federal Rules of Civil Procedure, Rule 23 regarding notice, comported with the guidance for effective notice articulated in the *Manual for Complex Litigation* 4th Ed. and FJC guidance, and exceeded the requirements of due process, including its "desire to actually inform" requirement.

28.     The Notice Plan schedule afforded enough time to provide full and proper notice to Settlement Class members before the Opt-Out and Objection Deadline.

    I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 6, 2024.

_____
Cameron R. Azari, Esq.

---

[8] Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF SETTLEMENT NOTICE PLAN

Attachment 1

| | |
|---|---|
| IN RE HOPE COLLEGE DATA SECURITY BREACH LITIGATION | Case No. 1:22-cv-01224-PLM |

## DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE

I, KYLE S. BINGHAM, hereby declare and state as follows:

1.     My name is KYLE S. BINGHAM.  I am over the age of 25 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.     I am the Director of Legal Noticing for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.  I have overseen and handled Class Action Fairness Act ("CAFA") notice mailings for more than 400 class action settlements.

3.     Epiq is a firm with more than 25 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service ("USPS"), claims database management, claim adjudication, funds management and distribution services.

4.     The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

## CAFA NOTICE IMPLEMENTATION

5.     At the direction of counsel for Defendant Hope College, 57 federal and state officials (the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories) were identified to receive CAFA notice.

6.     Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.     On January 12, 2024, Epiq sent 57 CAFA Notice Packages ("Notice"). The Notice was mailed via USPS Priority Mail to 55 officials (the Attorneys General of 49 states, the District of Columbia, and the United States Territories).  As per the direction of the Office of the Nevada Attorney General, the Notice was sent to the Nevada Attorney General electronically via email. The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Priority Mail, Email, and UPS) is included as **Attachment 1**.

8.     The materials sent to the federal and state officials included a Cover Letter, which provided notice of the proposed Settlement of the above-captioned case.  The Cover Letter is included as **Attachment 2**.

9.     The cover letter was accompanied by a CD, which included the following:

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

a.   **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:**

- Consolidated Amended Complaint (filed March 16, 2023).

b.   **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:**

- Claim Form;

- Long Form Notice; and

- Short Form Notice.

c.   **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents were included:

- Class Action Settlement Agreement and Release.

d.   **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** A Geographic Analysis of potential Class Members was included on the CD.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 15, 2024.

_____
KYLE S. BINGHAM

# **Attachment 1**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 W 4th Ave | Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Tim Griffin | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Kris Mayes | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section | 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 165 Capitol Ave | | Hartford | CT | 06106 |
| Office of the Attorney General | Brian Schwalb | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Anne E Lopez | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Brenna Bird | Hoover State Office Building | 1305 E Walnut St | Des Moines | IA | 50319 |
| Office of the Attorney General | Raul Labrador | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Office of the Indiana Attorney General | Todd Rokita | Indiana Government Center South | 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Kris Kobach | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Ave Suite 118 | | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Andrea Campbell | 1 Ashburton Pl 20th Fl | | Boston | MA | 02108 |
| Office of the Attorney General | Anthony G Brown | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Andrew Bailey | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | PO Box 220 | | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders 3rd Fl | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H Wrigley | 600 E Boulevard Ave Dept 125 | | Bismarck | ND | 58505 |
| Nebraska Attorney General | Mike Hilgers | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Raul Torrez | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street 15th Floor | | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | | Columbus | OH | 43215 |
| Office of the Attorney General | Gentner Drummond | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Michelle A. Henry | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Marty Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Jonathan Skrmetti | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | | Austin | TX | 78711 |
| Office of the Attorney General | Sean D Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S Miyares | 202 N 9th St | | Richmond | VA | 23219 |
| Office of the Attorney General | Charity R Clark | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 5th Ave Ste 2000 | | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex Bldg 1 Room E 26 | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | American Samoa Gov't Exec Ofc Bldg Utulei | Territory of American Samoa | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Douglas Moylan | Administrative Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Ariel M. Smith | 3438 Kronprindsens Gade Ste 2 | GERS BLDG | St Thomas | VI | 00802 |

| Company | Contact Format | State |
|---|---|---|
| Office of the Attorney General for Nevada | All documents sent to NV AG at their dedicated CAFA email inbox. | NV |

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

# **Attachment 2**

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

January 12, 2024

**VIA UPS OR USPS PRIORITY MAIL**

| Class Action Fairness Act – Notice to Federal and State Officials |
|:---:|

Dear Federal and State Officials:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1715, please find enclosed information from Defendant Hope College relating to the proposed settlement of a class action lawsuit.

- **Case:** *In re Hope College Data Security Breach Litigation,* Case No. 1:22-cv-01224.

- **Court:** United States District Court for Western District of Michigan.

- **Defendant:** Hope College.

- **Documents Enclosed**: In accordance with the requirements of 28 U.S.C. § 1715, please find copies of the following documents associated with this action on the enclosed CD:

  1. **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:**

     - Consolidated Amended Complaint (filed March 16, 2023).

  2. **Per 28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** The Court has not scheduled a preliminary approval hearing or a final approval hearing or any other judicial hearing concerning the settlement agreement at this time.

  3. **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:**

     - Claim Form;

     - Long Form Notice; and

     - Short Form Notice.

  4. **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents are included:

     - Class Action Settlement Agreement and Release.

  5. **Per 28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreements:** There are no other Settlements or Agreements between the parties.

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

6. **Per 28 U.S.C. § 1715(b)(6) – Final Judgment or Notice of Dismissal:** To date, the Court has not issued a final order, judgment or dismissal in the above-referenced action.

7. **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** A Geographic Analysis of potential Class Members is included on the enclosed CD.

8. **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:** To date, the Court has not issued a final order or judgment in the above-referenced action.

If you have questions or concerns about this notice or the enclosed materials, please contact this office.

Sincerely,

CAFA Notice Administrator

Enclosures

Attachment 2

*In re Hope College Data Security Breach Litigation*
c/o Settlement Administrator
P.O. Box 3977
Portland, OR 97208-3977

PRESORTED
FIRST-CLASS MAIL
AUTO
U.S. POSTAGE
PAID
PORTLAND, OR
PERMIT NO. 2882

Unique ID:

**COURT APPROVED LEGAL NOTICE**
*In re Hope College Data Security Breach
Litigation*
**Case No. 1:22-cv-01224**
**U.S. District Court for the Western District
of Michigan**

**As a result of the Hope College Data Breach,
you can get cash or credit monitoring and
insurance services to protect your information.**

*This is <u>not</u> a solicitation from a lawyer.*

**This is NOT a Claim Form.**

**For more information about the Settlement
and how to file a Claim Form, visit or call:**

www.HopeCollegeSettlement.com

1-888-511-1291



1
1

A proposed Settlement arising out of a data breach has been reached with Hope College. On September 27, 2022, an unauthorized user was able to access files stored on Hope's computer systems. As a result, Personal Information of individuals may have been accessed (the "Data Breach"). Impacted Personal Information may have included names, dates of birth, Social Security numbers, driver's license numbers, and student ID numbers.

**Who Is Included:** The Court decided that Class Members include all natural persons whose Personal Information was compromised in the Data Breach that was discovered by Hope College on or around September 27, 2022, including all who were notified by Hope College that their Personal Information may have been compromised because of the Hope College Data Breach.

**What the Settlement Provides:** The Settlement establishes a $1,500,000 Settlement Fund to be used to pay for one of the following for Class Members: Credit Monitoring and Insurance Services, Documented Loss Payments for reimbursement of Documented Losses, or Cash Fund Payments to valid claimants; costs of Notice and administration; Service Awards to the Class Representatives; and Attorneys' Fee Award and Costs. Also, Hope College has agreed to undertake certain remedial measures and enhanced data security measures. Claimants may select **one** of the following three forms of Settlement relief: (a) Credit Monitoring and Insurance Services, (b) Documented Loss Payments, OR (c) a Cash Fund Payment.

- **Credit Monitoring and Insurance Services:** one year of Credit Monitoring and Insurance Services; OR
- **Documented Loss Payments:** reimbursement for certain Documented Losses, i.e., money spent or lost, that is more likely than not related to the Hope College Data Breach (up to $5,000), not otherwise reimbursable by insurance; OR
- **Cash Fund Payments:** a cash payment in an amount to be determined consistent with the Settlement. The Cash Fund Payments may be increased or reduced pro rata, depending on the number of Class Members that participate in the Settlement.

**How to Get Benefits:** You must complete and file a Claim Form and Release online at **www.HopeCollegeSettlement.com** or by mail, postmarked by **May 7, 2024**, including required documentation. You may print a Claim Form from the Settlement Website or request that one be mailed to you by calling the toll-free number below and submit to the Settlement Administrator by U.S. mail.

**Your Other Options:** If you do not want to be legally bound by the Settlement, you must exclude yourself by **April 8, 2024**. If you do not exclude yourself, you will release any claims you may have against Hope College or the Released Parties (as defined in the Settlement Agreement) related to the Hope College Data Breach, as more fully described in the Settlement Agreement, available at the Settlement Website. If you do not exclude yourself, you may object to the Settlement by **April 8, 2024**.

**The Final Approval Hearing:** The Court has scheduled a Final Approval Hearing in this case (*In re Hope College Data Security Breach Litigation*, Case No. 1:22-cv-01224 (W.D. Mich.)) for **May 20, 2024, at 9:00 a.m. at the Kalamazoo Federal Courthouse** to consider whether to approve the Settlement, Service Awards, attorneys' fees and expenses, as well as any objections. You or your attorney may attend and ask to appear at the hearing, but you are not required to do so. The hearing may be held remotely, so please check the Settlement Website for those details.

**More Information:** Complete information about your rights and options, as well as the Claim Form and Release, the Long-Form Notice, and the Settlement Agreement, is available at **www.HopeCollegeSettlement.com** or by calling 1-888-511-1291 toll-free.

Attachment 3

## Notice of Hope College Data Breach Class Action Settlement

*This is <u>not</u> a solicitation from a lawyer. This is a Court-approved Notice.*
*Please read this Notice carefully and completely.*

### <u>THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.</u>

- A proposed Settlement arising out of a data breach has been reached with Hope College. On September 27, 2022, an unauthorized user was able to access files within Hope College's computer systems (the "Data Breach"). As a result, Personal Information may have been accessed. Impacted Personal Information may have included names, dates of birth, Social Security numbers, driver's license numbers, and student ID numbers. If you were notified by Hope College that your Personal Information may have been compromised because of the Hope College Data Breach, you are included in this Settlement as a member of the Settlement Class.

- Under the Settlement, Hope College has agreed to establish a $1,500,000.00 Settlement Fund to: (1) pay for one year of credit monitoring and insurance services ("Credit Monitoring and Insurance Services" or "CMIS"); or (2) provide reimbursement of up to $5,000 per Class Member for Class Members who incurred certain Documented Losses ("Documented Loss Payment"); or (3) provide cash payments to Class Members ("Cash Fund Payment"). The Settlement Fund will also be used to pay for the costs of the settlement administration, court-approved Service Awards for named Plaintiffs, and the Fee Award and Costs. In addition, Hope College has agreed to undertake certain remedial measures and enhanced security measures that they will continue to implement.

- Your legal rights will be affected whether you act or do not act. <u>You should read this entire Notice carefully.</u>

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **FILE A CLAIM FORM**<br><br>**DEADLINE: MAY 7, 2024** | Submitting a Claim Form is the only way that you can receive any of the monetary Settlement Benefits provided by this Settlement, including Credit Monitoring and Insurance Services, a Documented Loss Payment, or a Cash Fund Payment.<br><br>If you submit a Claim Form, you will give up the right to sue Hope College and certain Released Parties in a separate lawsuit about the legal claims this Settlement resolves. |
| **EXCLUDE YOURSELF FROM THIS SETTLEMENT**<br><br>**DEADLINE: APRIL 8, 2024** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Hope College, or certain Released Parties (as defined in the Settlement Agreement), for the claims this Settlement resolves.<br><br>If you exclude yourself, you will give up the right to receive any Settlement Benefits from this Settlement. |
| **OBJECT TO OR COMMENT ON THE SETTLEMENT**<br><br>**DEADLINE: APRIL 8, 2024** | You may object to the Settlement by writing to the Court and informing it why you do not think the Settlement should be approved. You can also write the Court to provide comments or reasons why you support the Settlement. You will still be bound by the Settlement if it is approved, and you will not be allowed to exclude yourself from the Settlement.<br><br>If you object, you may also file a Claim Form to receive Settlement Benefits, but you will give up the right to sue Hope College and Released Parties in a separate lawsuit about the legal claims this Settlement resolves. |
| **GO TO THE FINAL APPROVAL HEARING**<br><br>**DATE: MAY 20, 2024** | You may attend the Final Approval Hearing where the Court may hear arguments concerning approval of the Settlement. If you wish to speak at the Final Approval Hearing, you must make a request to do so in your written objection or comment. You are <u>not</u> required to attend the Final Approval Hearing. |
| **DO NOTHING** | If you do nothing, you will not receive any of the monetary Settlement Benefits and you will give up your rights to sue Hope College and certain Released Parties for the claims this Settlement resolves. |

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement Benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

## BASIC INFORMATION

### 1.    Why did I get this Notice?

A Court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The case is known as *In re Hope College Data Security Breach Litigation*, Case No. 1:22-cv-01224 (W.D. Mich.), before Judge Paul L. Maloney. The people who filed this lawsuit are called the "Plaintiffs" and the entity they sued, Hope College, is called the "Defendant." The Plaintiffs and the Defendant agreed to this Settlement.

### 2.    What is this lawsuit about?

On September 27, 2022, an unauthorized user was able to access files stored on Hope College's computer systems (the "Data Breach"). As a result, Personal Information of individuals may have been accessed. Impacted Personal Information may have included names, dates of birth, Social Security numbers, driver's license numbers, and student ID numbers. After conducting a thorough investigation, Hope College began notifying individuals of the Data Breach on or about December 15, 2022.

The Plaintiffs claim that Hope College failed to adequately protect their Personal Information and that they were injured as a result. Hope College denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing or that the law has been violated. Hope College denies these and all other claims made in the Action. By entering into the Settlement, Hope College is not admitting that it did anything wrong.

### 3.    Why is this a class action?

In a class action, one or more people called the Class Representatives sue on behalf of all people who have similar claims. Together, all of these people are called a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

The Class Representatives in this case are Jennie Devries, Tricia Garnett, Mark Cyphers, Timothy Drost, Joseph Rodgers, Emily Damaska, and Elise Carter.

### 4.    Why is there a Settlement?

The Class Representatives and Hope College do not agree about the claims made in this Action. The Action has not gone to trial, and the Court has not decided in favor of the Class Representatives or Hope College. Instead, the Class Representatives and Hope College have agreed to settle the Action. The Class Representatives and the attorneys for the Class ("Class Counsel") believe the Settlement is best for all Class Members because of the risks and uncertainty associated with continued litigation and the nature of the defenses raised by Hope College.

## WHO IS INCLUDED IN THE SETTLEMENT

### 5.    How do I know if I am part of the Settlement?

The Court has decided that everyone who fits the following description is a Class Member:

All natural persons whose Personal Information was compromised in the Data Breach that was discovered by Hope College on or around September 27, 2022.

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**
**This Settlement affects your legal rights even if you do nothing.**

AJ2922 v.04

2

If you were notified by Hope College that your Personal Information may have been compromised because of the Hope College Data Breach, you are included in this Settlement as a member of the Settlement Class. If you received a Notice of Settlement by mail, you may be a Class Member and your legal rights may be affected by this Settlement. If you did not receive Notice by mail, or if you have any questions as to whether you are a Class Member, you may contact the Settlement Administrator.

### 6. Are there exceptions to individuals who are included as Class Members in the Settlement?

Yes. The Settlement does not include (1) the Judges presiding over the Action and members of their immediate families and their staff; (2) Hope College, its employees, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

### 7. What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Class Member, you may go to the Settlement Website at www.HopeCollegeSettlement.com, or call the Settlement Administrator's toll-free number at 1-888-511-1291.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 8. What does the Settlement provide?

The Settlement will provide Class Members with the opportunity to select and make a claim for one the following Settlement Benefits, which are discussed in further detail below:

(A) One year of Credit Monitoring and Insurance Services ("CMIS");

    **OR**

(B) Cash payments of up to $5,000 per Class Member for reimbursement of certain Documented Losses ("Documented Loss Payment");

    **OR**

(C) Class Members may elect to receive pro rata Cash Fund Payments in amounts to be determined in accordance with the terms of Section 3.7 of the Settlement Agreement. The amounts of these payments are unknown at this time, but will be calculated based upon how many Class Members submit claims for Credit Monitoring and Insurance Services or reimbursement of Documented Losses.

In addition, Hope College has agreed to take certain remedial measures and enhanced security measures as a result of this Action, as detailed in Question 10 below & Section 2 of the Settlement Agreement.

Please review Question 12 carefully for additional information regarding the order in which Settlement Benefits are paid from the Settlement Fund. This additional information may impact your decision as to which of the three Settlement Benefit options is the best option for you.

#### A. Credit Monitoring and Insurance Services.

You may file a Claim Form to receive Credit Monitoring and Insurance Services. Credit Monitoring and Insurance Services provide a way to protect yourself from unauthorized use of your Personal Information. If you already have credit monitoring services, you may still sign up for this additional protection. The Credit Monitoring and Insurance Services provided by this Settlement are separate from, and in addition to, the credit monitoring and identity resolution services that may have been offered to you by Hope College in response to the Data Breach. You are eligible to make a claim for the Credit Monitoring and Insurance Services being offered through this Settlement even if you did not sign up for the previous services. If you file a claim for Credit Monitoring and Insurance Services and you already have credit monitoring services, you can choose to postpone the Credit Monitoring and Insurance Services from this Settlement for a period of 12 months.

Credit Monitoring and Insurance Services include (i) up to $1 million dollars of identity theft insurance coverage, and (ii) three-bureau credit monitoring.

To receive Credit Monitoring and Insurance Services, you must submit a completed Claim Form selecting to receive Credit Monitoring and Insurance Services.

AJ2923 v.04

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**
**This Settlement affects your legal rights even if you do nothing.**

3

**B. Documented Loss Payment.**

In the alternative to Credit Monitoring and Insurance Services, you may elect to submit a Claim Form for reimbursement of Documented Losses. If you spent money remedying or addressing identity theft and fraud that was more likely than not related to the Hope College Data Breach or you spent money to protect yourself from future harm because of the Hope College Data Breach, you may make a claim for a Documented Loss Payment for reimbursement of up to $5,000 in Documented Losses.

Documented Losses consist of unreimbursed losses incurred on or after September 27, 2022, that were related to identity theft and fraud and are more likely than not a result of the Hope College Data Breach, as well as any expenses related to the Hope College Data Breach. For example, credit card or debit card cancellation or replacement fees; late fees; declined payment fees; overdraft fees; returned check fees; customer service fees; credit-related costs associated with purchasing credit reports; credit monitoring or identity theft protection; costs to place a freeze or alert on credit reports; costs to replace a driver's license, state identification card, or Social Security number; professional services; and out-of-pocket expenses for notary, fax, postage, delivery, copying, mileage, and long-distance telephone charges. Other losses or costs related to the Hope College Data Breach that are not reimbursable by insurance may also be eligible for reimbursement. To protect the Settlement Fund and valid claims, all Claim Forms submitted that seek payment related to credit or debit card fraudulent transactions will be carefully scrutinized by the Settlement Administrator.

Claims for Documented Loss Payments must be supported by Reasonable Documentation. Reasonable Documentation means written documents supporting your claim, such as credit card statements, bank statements, invoices, telephone records, and receipts.

Individual payments for Documented Losses may be reduced or increased depending on the number of Class Members that participate in the Settlement.

To receive a Documented Loss Payment, you must submit a completed Claim Form electing to receive a Documented Loss Payment. If you file a Claim Form for a Documented Loss Payment and it is rejected by the Settlement Administrator and you do not correct it, and you have not otherwise claimed Credit Monitoring and Insurance Services, your Claim Form will be considered as an alternative claim for a Cash Fund Payment.

**C. Cash Fund Payment.**

In the alternative to Credit Monitoring and Insurance Services or Documented Loss Payment, you may elect to receive a cash payment. This is the "Cash Fund Payment." The amount of the Cash Fund Payment will vary depending on the number of valid claims that are submitted. To receive a Cash Fund Payment, you must submit a completed Claim Form electing to receive a Cash Fund Payment.

You are not required to provide Reasonable Documentation with your Claim Form to receive a Cash Fund Payment. Individual Cash Fund Payments may be reduced or increased pro rata (equal share) depending on the number of Class Members that participate in the Settlement and the amount of money that remains in the Cash Fund after payments of other Settlement Benefits and charges with priority for payment under the Settlement. See Question 9 below.

| **9.** | **How will Settlement Benefits be paid?** |

Before determining which Settlement Benefit option from the Settlement is best for you (Cash Fund Payment, Credit Monitoring and Insurance Services, or Documented Loss Payment), it is important for you to understand how Settlement Payments will be made. Court-awarded attorneys' fees up to a maximum of one-third (1/3) of the $1,500,000.00 Settlement Fund, reasonable costs and expenses incurred by attorneys for the Class (referred to collectively as "Fee Award and Costs"), Administrative Expenses for costs of the settlement administration, and Service Awards of up to $1,500 to each of the Class Representatives will be deducted from the Settlement Fund before making payments to Class Members. The Court may award less than these amounts. The remainder of the Settlement Fund will be distributed in the following order:

1. Credit Monitoring and Insurance Services claims will be paid first.
2. If money remains in the Settlement Fund after paying for the Credit Monitoring and Insurance Services, Documented Loss Payment claims will be paid second. If your claim for a Documented Loss Payment is rejected by the Settlement Administrator and you do not cure it, and you have not otherwise made a claim for Credit Monitoring and Insurance Services, your claim for a Documented Loss Payment will instead be considered a claim for a Cash Fund Payment.
3. If money remains in the Settlement Fund after paying Credit Monitoring and Insurance Services claims and Documented Loss Payment claims, the amount of the Settlement Fund remaining will be used to create a "Post CMIS/DL Net Settlement Fund," which will be used to pay all Cash Fund Payment claims.

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**
**This Settlement affects your legal rights even if you do nothing.**

AJ2924 v.04

4

The value of the Cash Fund Payments are unknown at this time, but will be calculated by subtracting from the Settlement Fund the amounts paid for valid claims for Credit Monitoring and Insurance Services and Documented Loss Payments, and after those expenses are deducted, the Post CMIS/DL Net Settlement Fund will be divided pro rata to individuals with Approved Claims for Cash Fund Payments.

## 10. Tell me more about Hope College's remedial measures and enhanced security measures.

As a result of the Action, for a period of two (2) years from the Effective Date of the Agreement, Hope College has agreed to institute the following policies, procedures, and additional security-related remedial measures:

(a) Hope College has increased its internal and third-party Information Technology professionals, including a newly employed System Manager for Servers with specialized training in Information Security. Hope College has greatly increased its use of contracted database administrators and application specialists with significant expertise in the specific data systems utilized by the College to train and augment the efforts of Hope College's IT staff.

(b) Hope College has established a data governance committee. The committee's goals include a commitment to retain sensitive data only when legally required or operationally necessary. An initial round of data analysis and deletion has been completed as of the date of this writing.

(c) Hope College has enforced mandatory multi-factor authentication for all email accounts and the self-service portal (used for accessing direct deposit changes, class schedules, grades, etc.). Hope College continues to work to identify every system that can support multi-factor authentication and enable the same whenever possible.

(d) Hope College has updated its enterprise data loss prevention rules to continue to block Personal Information from leaving the organization through email or shared documents.

(e) Hope College has reviewed and revised its enterprise firewall rules in an effort to increase its resistance to external access.

(f) Hope College has hired an independent security contractor to perform both external penetration testing and an internal vulnerability scan. An additional vendor will be hired in late 2023 to make an independent risk assessment of the IT/network infrastructure.

(g) Hope College has hired an independent contractor to perform remote monitoring and management to facilitate system scanning, reporting, and patch management for its on-site server environment.

(h) Hope College has increased its mandatory training, with all employees required to take Cybersecurity Overview, Email and Messaging Safety, and Password Security Basics courses. All employees are also required to complete training detailing the confidentiality of student records pursuant to the Family Educational Rights and Privacy Act (FERPA). Employees with access to sensitive information—such as IT employees, employees with access to banking information, and employees with access to personally identifiable information—are required to take additional courses specific to their respective levels of access. Participation is scrutinized and enforced and all participants must complete an assessment to demonstrate comprehension.

## 11. What is the total value of the Settlement?

The Settlement provides a $1,500,000 Settlement Fund, and, additionally, remedial actions will be taken by Hope College for the benefit of the Class. Any Court-approved Fee Award and Costs, Service Awards to the Class Representatives, taxes due on any interest earned by the Settlement Fund, if necessary, and any notice and settlement Administrative Expenses will be paid out of the Settlement Fund, and the balance ("Net Settlement Fund") will be used to pay for the above Settlement Benefits. Any costs associated with Hope College's remedial and enhanced security measures will be paid by Hope College in addition to the Settlement Fund.

## 12. What am I giving up to get a Settlement Benefit or stay in the Class?

Unless you exclude yourself, you are choosing to remain in the Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Hope College and the Released Parties about the legal issues in this Action resolved by this Settlement and released by the Class Action Settlement Agreement and Release. The specific rights you are giving up are called Released Claims. See Question 13 below.

AJ2925 v.04

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**
**This Settlement affects your legal rights even if you do nothing.**
5

## 13.    What are the Released Claims?

In exchange for the Settlement, Class Members agree to release Hope College and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing ("Released Parties") from any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fees, costs, and expenses, action or cause of action, of every kind or description—whether known or Unknown (as the term "Unknown Claims" is defined in the Settlement Agreement), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that was or could have been asserted on behalf of the Settlement Class in the Action related to or arising from the compromise of any Class Member's Personal Information as a result of the Hope College Data Breach, regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action. ("Released Claims"). "Released Parties" expressly includes but is not limited to Hope College and its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of its past, present, and future officers, directors, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party." "Released Claims" do not include any claims against any entity other than Released Parties.

The Class Representatives and all Settlement Class Members, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from instituting, directing, or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Hope College Data Breach or otherwise arises out of the same facts and circumstances set forth in the Consolidated Class Action Complaint in this Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties for this Settlement to release, any claims against any unidentified third party.

More information is provided in the Class Action Settlement Agreement and Release, which is available at www.HopeCollegeSettlement.com.

## How to Get Settlement Benefits—Submitting a Claim Form

## 14.    How do I make a claim for Settlement Benefits?

You must complete and submit a Claim Form by **May 7, 2024**. Claim Forms may be submitted online at www.HopeCollegeSettlement.com, or printed from the website and mailed to the Settlement Administrator at the address on the form. Claim Forms are also available by calling 1-888-511-1291 or by writing to Hope College Data Breach Settlement Administrator, P.O. Box 3977, Portland, OR 97208-3977. The quickest way to file a claim is online.

If you received a Notice by mail, use your Unique ID to file your Claim Form. If you lost or do not know your Unique ID, please contact the Settlement Administrator at info@HopeCollegeSettlement.com.

You may submit a claim for (a) a Cash Fund Payment, **OR** (b) Credit Monitoring and Insurance Services, **OR** (c) Documented Loss Payment by submitting a Claim Form on the Settlement Website, or by downloading, printing, and completing a Claim Form, and mailing it to the Settlement Administrator. You may only select one form of Settlement Relief.

## 15.    How do I make a claim for a Cash Fund Payment?

To file a claim for a Cash Fund Payment, you must submit a valid Claim Form electing to receive the Cash Fund Payment. To submit a claim for a Cash Fund Payment, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before **May 7, 2024**.

If you wish to receive your payment via digital payment method options instead of a check, simply provide your email address (optional). Anyone who submits a valid claim for Cash Fund Payment and does not elect to receive a digital payment will receive their payment via regular check sent through U.S. Mail.

AJ2926 v.04

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**
**This Settlement affects your legal rights even if you do nothing.**

6

Instructions for filling out a claim for a Cash Fund Payment are included on the Claim Form. You may access the Claim Form at www.HopeCollegeSettlement.com.

The deadline to file a claim for a Cash Fund Payment is **May 7, 2024**. Claims must be filed or postmarked if mailed by this deadline.

## 16. How do I make a claim for Credit Monitoring and Insurance Services?

To file a claim for Credit Monitoring and Insurance Services, you must submit a valid Claim Form electing to receive Credit Monitoring and Insurance Services. To submit a claim for Credit Monitoring and Insurance Services, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before **May 7, 2024**.

Instructions for filling out a claim for Credit Monitoring and Insurance Services are included on the Claim Form. You may access the Claim Form at www.HopeCollegeSettlement.com.

The deadline to file a claim for Credit Monitoring and Insurance Services is **May 7, 2024**. Claims must be filed or postmarked if mailed by this deadline.

## 17. How do I make a claim for a Documented Loss Payment for reimbursement?

To file a claim for a Documented Loss Payment of up to $5,000 for reimbursement of Documented Losses, you must submit a valid Claim Form electing to receive a Documented Loss Payment. To submit a claim for a Documented Loss Payment, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before **May 7, 2024**.

The Claim Form requires that you sign the attestation regarding the information you provided and that you include Reasonable Documentation, such as credit card statements, bank statements, invoices, telephone records, and receipts.

If your claim for a Documented Loss Payment is rejected by the Settlement Administrator and you do not correct it, and you do not otherwise make a claim for Credit Monitoring and Insurance Services, your claim for a Documented Loss Payment will instead be considered a claim for a Cash Fund Payment.

Instructions for filling out a claim for a Documented Loss Payment are included on the Claim Form. You may access the Claim Form at www.HopeCollegeSettlement.com.

The deadline to file a claim for a Documented Loss Payment is **May 7, 2024**. Claims must be filed or postmarked if mailed by this deadline.

## 18. What happens if my contact information changes after I submit a claim?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by calling 1-888-511-1291 or by writing to:

Hope College Data Breach Settlement Administrator
P.O. Box 3977
Portland, OR 97208-3977

## 19. When and how will I receive the Settlement Benefits I claim from the Settlement?

If you make a valid claim for Credit Monitoring and Insurance Services, the Settlement Administrator will send you information on how to activate your Credit Monitoring and Insurance Services after the Settlement becomes final. If you received a Notice in the mail, keep it in a safe place as you will need the Unique ID provided on the Notice to activate your Credit Monitoring and Insurance Services.

Payments for valid claims for a Cash Fund Payment or a Documented Loss Payment will be provided by the Settlement Administrator after the Settlement is approved and becomes final. You may elect to receive payment for valid claims for a Cash Fund Payment or Documented Loss Payment via PayPal, Venmo, or digital payment, by submitting your email address with your Claim Form. Anyone who does not elect to receive payment via digital payment will receive their payment via regular check sent through U.S. Mail.

The approval process may take time. Please be patient and check www.HopeCollegeSettlement.com for updates.

AJ2927 v.04

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**
**This Settlement affects your legal rights even if you do nothing.**
7

## 20.    What happens if money remains after all of the Settlement Claims are paid?

None of the money in the $1,500,000.00 Settlement Fund will ever be paid back to Hope College. Any money left in the Settlement Fund 120 days after the distribution of payments to Class Members will be distributed pro rata (equal share) among all Class Members with Approved Claims for Cash Fund Payments who cashed or deposited their initial check or received the Settlement proceeds through digital means, as long as the average payment amount is $3.00 or more. If there is not enough money to provide qualifying Class Members with an additional $3.00 payment, and if possible, the remaining Net Settlement Fund will be distributed to a non-profit recipient to be agreed upon by the Parties and approved by the Court.

# THE LAWYERS REPRESENTING YOU

## 21.    Do I have a lawyer in this case?

Yes. The Court has appointed Shub & Johns LLC as Class Counsel to represent you and the Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Action.

## 22.    How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award them attorneys' fees of up to a maximum of one-third (1/3) of the $1,500,000.00 Settlement Fund, plus reimbursement of their reasonable costs and expenses (referred to collectively as "Fee Award and Costs"). They will also ask the Court to approve up to $1,500 Service Awards to each of the Class Representatives for participating in this Action and for their efforts in achieving the Settlement. If awarded, these amounts will be deducted from the Settlement Fund before making payments to Class Members. The Court may award less than these amounts.

Class Counsel's application for attorneys' fees and expenses and Service Awards will be made available on the Settlement Website at www.HopeCollegeSettlement.com before the deadline for you to comment or object to the Settlement. You can request a copy of the application by contacting the Settlement Administrator at 1-888-511-1291.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Class Member and want to keep any right you may have to sue or continue to sue Hope College and/or the Released Parties on your own based on the claims raised in this Action or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement.

## 23.    How do I get out of the Settlement?

To exclude yourself from the Settlement, you must complete and sign a Request for Exclusion. The Request for Exclusion must be in writing and identify the case name and number (*In re Hope College Data Security Breach Litigation*, Case No. 1:22-cv-01224 (W.D. Mich.)); state the name, address, telephone number, and unique identifier of the Class Member seeking exclusion; identify any lawyer representing the Class Member; be physically signed by the Class Member seeking exclusion; and must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *In re Hope College Data Security Breach Litigation*, Case No. 1:22-cv-01224 (W.D. Mich.)." The Request for Exclusion must be postmarked or received by the Settlement Administrator at the address below no later than **April 8, 2024**:

Hope College Data Breach Settlement Administrator
P.O. Box 3977
Portland, OR 97208-3977

You cannot exclude yourself by telephone or by email.

AJ2928 v.04

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**
**This Settlement affects your legal rights even if you do nothing.**
8

**24. If I exclude myself, can I still get Credit Monitoring and Insurance Services or a Settlement Payment as part of this class action settlement?**

No. If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You can only get Credit Monitoring and Insurance Services from the Settlement or a cash payment if you stay in the Settlement and submit a valid Claim Form.

**25. If I do not exclude myself, can I sue Hope College for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Hope College and Released Parties for the claims that this Settlement resolves. You must exclude yourself from this Action to start or continue with your own lawsuit or be part of any other lawsuit against Hope College or any of the Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECT TO OR COMMENT ON THE SETTLEMENT

**26. How do I tell the Court that I do not like the Settlement?**

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement Payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) identify the case name and number; (b) state the Class Member's full name, current mailing address, and telephone number; (c) contain a statement by the Class Member that he or she believes themself to be a member of the Settlement Class; (d) include proof that the Class Member is a member of the Settlement Class (e.g., copy of the Settlement Notice, copy of the original notice of the Data Breach); (e) identify the specific factual and legal grounds for the objection; (f) identify whether the Objection is an objection to the Settlement in part or in whole; (g) state whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (h) identify all counsel representing the Class Member, if any; (i) include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years; (j) include all documents or writings that the Class Member desires the Court to consider; (k) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; and (l) contain the signature of the Class Member or the Class Member's duly authorized attorney or representative. All objections must be submitted to the Court either by mailing them to the Clerk of Court's Office, U.S. District Court for the Western District of Michigan, 107 Federal Bldg., 410 W Michigan Ave., Kalamazoo, MI 49007, or filing in person with the Court or postmarked on or before **April 8, 2024**.

**27. What is the difference between objecting and requesting exclusion?**

Objecting is telling the Court you do not like something about the Settlement. You can object only if you stay in the Class (that is, do not exclude yourself). Requesting exclusion is telling the Court you do not want to be part of the Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

**28. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on **May 20, 2024**, at **9:00 a.m.** before the Honorable Paul L. Maloney, U.S.D.J., U.S. District Court for the Western District of Michigan, 107 Federal Bldg., 410 W Michigan Ave., Kalamazoo, MI 49007.

The date and time of the Final Approval Hearing is subject to change without further notice to the Settlement Class. Class Members should monitor the Settlement Website or the Court's online docket site (see Question 32) to confirm whether the date for the Final Approval Hearing is changed. Please note that the hearing may be held via telephone or video conference. All details about the Final Approval Hearing will be posted on the Settlement Website.

AJ2929 v.04

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**
**This Settlement affects your legal rights even if you do nothing.**

9

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and will decide whether to approve the Settlement, Class Counsel's application for Fee Award and Costs, and the Service Awards to the Class Representatives. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

## 29. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

## 30. May I speak at the Final Approval Hearing?

Yes. If you wish to attend and speak at the Final Approval Hearing, you must indicate this in your written objection (see Question 26). Your objection must state that it is your intention to appear at the Final Approval Hearing and must identify any witnesses you may call to testify or exhibits you intend to introduce into evidence at the Final Approval Hearing. If you plan to have your attorney speak for you at the Final Approval Hearing, your objection must also include your attorney's name, address, and phone number.

# IF YOU DO NOTHING

## 31. What happens if I do nothing at all?

If you are a Class Member and you do nothing, you will not receive any Settlement Benefits. You will also give up certain rights, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Hope College or any of the Released Parties about the legal issues in this Action and released by the Settlement Agreement.

# GETTING MORE INFORMATION

## 32. How do I get more information?

This Notice summarizes the proposed Settlement. For more information and the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.HopeCollegeSettlement.com, or contact Class Counsel (see below), or access the Court docket in this case for a fee through the Court's ECF System at PACER, https://pacer.uscourts.gov/, or visit the office of the Clerk of Court's Office, U.S. District Court for the Western District of Michigan, 107 Federal Bldg., 410 W Michigan Ave., Kalamazoo, MI 49007.

If you have questions about the proposed Settlement or anything in this Notice, you may contact Class Counsel at:

Benjamin F. Johns
**SHUB & JOHNS LLC**
c/o Hope College Data Breach Settlement
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
T: (610) 477-8380
**info@shublawyers.com**

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

AJ29210 v.04

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**
**This Settlement affects your legal rights even if you do nothing.**
10

# Attachment 4

**CLAIM FORM FOR HOPE COLLEGE DATA BREACH SETTLEMENT BENEFITS**
**Hope College Data Breach Litigation**
(*In re Hope College Data Security Breach Litigation*, Case No. 1:22-cv-01224 (W.D. Mich.))

**USE THIS FORM TO MAKE A CLAIM FOR CREDIT MONITORING AND INSURANCE SERVICES ("CMIS"), FOR A DOCUMENTED LOSS PAYMENT, OR FOR AN ALTERNATIVE CASH FUND PAYMENT.**

**The DEADLINE to submit this Claim Form is postmarked: May 7, 2024**

## I.   GENERAL INSTRUCTIONS

If you are an individual who was notified that your Personal Information was potentially compromised as a result of a data breach that occurred when files within Hope College's computer systems were accessed by an unauthorized person, access which included certain Hope College files that may have contained your Personal Information (the "Data Breach"), you are a Class Member.

As a Class Member, you are eligible to make a claim for **one (1) of the following options:**

    (1)  twelve months of Credit Monitoring and Insurance Services;

        OR

    (2)  up to a $5,000 cash payment for reimbursement of Documented Losses that are more likely than not a result of the Hope College Data Breach and not otherwise reimbursable by insurance ("Documented Loss Payment");

        OR

    (3)  a *pro rata* Cash Fund Payment, the amount of which will depend on the number of Class Members who participate in the Settlement.

The Credit Monitoring and Insurance Services will include the following services, among others: (i) up to $1,000,000 of identity theft insurance coverage; and (ii) one year of three-bureau credit monitoring providing, among other things, notice of changes to the Class Member's credit profile. If you already subscribed to credit monitoring services through a previous offer of credit monitoring from Hope College or from another provider obtained as a result of the breach, you will have the option to postpone the commencement of the Credit Monitoring and Insurance Services by up to twelve (12) months for no additional charge.

Cash Fund Payments may be reduced or increased pro rata (equal share) depending on how many Class Members submit claims. Complete information about the Settlement and its benefits are available at www.HopeCollegeSettlement.com.

**Please complete this Claim Form on behalf of the individual who received Notice from Hope College. If you are the parent of a minor who received a data breach notification, please submit the form using the minor's personal information.**

This Claim Form may be submitted online at www.HopeCollegeSettlement.com or completed and mailed to the address below. Please type or legibly print all requested information in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. Mail to:

Hope College Data Security Breach Settlement Administrator
P.O. Box 3977
Portland, OR 97208-3977

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**

01-CA40068676
AJ2931 v.04

1

## II.  CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of cash payments and Credit Monitoring and Insurance Services, you must notify the Settlement Administrator in writing at the address above.

First Name                                                    MI       Last Name

Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2

City                                                                                    State       ZIP Code

Telephone Number

Email Address

Unique ID Number Provided on Mailed Notice (if known)

## III. CLASS MEMBERSHIP

☐  Please check this box if you have **not** received a letter notice but believe that you should be included in the Class. You must provide Reasonable Documentation demonstrating that you were impacted by the Hope College Data Breach and are a class member.

## IV. CLAIMANT SELECTION OF SETTLEMENT OPTION

<u>**You may select ONE of the following options - please note if you select more than one option, or no option, your claim will be defaulted to a Cash Fund Payment:**</u>

### (1) CASH FUND PAYMENT

☐  If you wish to receive a Cash Fund Payment, you must check off the box for this section, sign the Certification in Section V, and then simply return this Claim Form.

You will receive an email at the email address provided above after Final Approval prompting you to select how you would like to be paid. You can receive payment via a digital payment, or you can elect to receive a check.

<u>**OR**</u>

### (2) CREDIT MONITORING AND INSURANCE SERVICES

☐  If you wish to receive Credit Monitoring and Insurance Services, you must check off the box for this section, provide your email address in the space provided in Section II, above, sign the Certification in Section V, and return this Claim Form. Submitting this Claim Form will not automatically enroll you into Credit Monitoring and Insurance Services. To enroll, you must follow the instructions sent to your email address after the Settlement is approved and becomes final (the "Effective Date").

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**

02-CA40068676
AJ2932 v.04

2

**OR**

## (3) REIMBURSEMENT FOR DOCUMENTED LOSSES

☐ Please check off this box for this section if you are electing to seek reimbursement for up to $5,000 of Documented Losses you incurred that are more likely than not traceable to the Hope College Data Breach and not otherwise reimbursable by insurance. Documented Losses include unreimbursed losses and consequential expenses that are more likely than not related to the Hope College Data Breach and incurred on or after September 27, 2022.

In order to make a claim for a Documented Loss Payment, **you must** (i) fill out the information below and/or on a separate sheet submitted with this Claim Form; (ii) sign the attestation at the end of this Claim Form (section VI); and (iii) include Reasonable Documentation supporting each claimed cost along with this Claim Form. Documented Losses need to be deemed more likely than not due to the Hope College Data Breach by the Settlement Administrator based on the documentation you provide and the facts of the Hope College Data Breach. **Failure to meet the requirements of this section may result in your claim being rejected by the Settlement Administrator.**

| Cost Type (Fill in all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Unreimbursed fraud losses or charges *Examples: Account statement with unauthorized charges highlighted; correspondence from financial institution declining to reimburse you for fraudulent charges* | ☐☐ – ☐☐ – ☐☐☐☐ MM    DD        YYYY | $ ☐☐☐☐☐ . ☐☐ | _____ _____ _____ _____ _____ _____ |
| ☐ Professional fees incurred in connection with identity theft or falsified tax returns *Examples: Receipt for hiring service to assist you in addressing identity theft; accountant bill for re-filing tax return* | ☐☐ – ☐☐ – ☐☐☐☐ MM    DD        YYYY | $ ☐☐☐☐☐ . ☐☐ | _____ _____ _____ _____ _____ _____ |

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**

03-CA40068676
AJ2933 v.04

3

| | | |
|---|---|---|
| ☐ Lost interest or other damages resulting from a delayed state and/or federal tax refund in connection with fraudulent tax return filing<br><br>*Examples: Letter from IRS or state about tax fraud in your name; Documents reflecting length of time you waited to receive your tax refund and the amount* | ☐☐ – ☐☐ – ☐☐☐☐<br>MM    DD    YYYY    $ ☐☐☐☐☐ · ☐☐ | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |
| ☐ Credit freeze<br><br>*Examples: Notices or account statements reflecting payment for a credit freeze* | ☐☐ – ☐☐ – ☐☐☐☐<br>MM    DD    YYYY    $ ☐☐☐☐☐ · ☐☐ | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |
| ☐ Credit monitoring that was ordered after December 15, 2022, up until the date on which the Credit Monitoring and Insurance Services become available through this Settlement<br><br>*Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services* | ☐☐ – ☐☐ – ☐☐☐☐<br>MM    DD    YYYY    $ ☐☐☐☐☐ · ☐☐ | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**

04-CA40068676
AJ2934 v.04

4

☐ Miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges

*Example: Phone bills; gas receipts; postage receipts; detailed list of locations to which you traveled (e.g. police station, IRS office), indication of why you traveled there (e.g. police report or letter from IRS re: falsified tax return) and number of miles you traveled to remediate or address issues related to the Hope College Data Breach*

☐☐ – ☐☐ – ☐☐☐☐
MM    DD    YYYY

$ ☐☐☐☐☐ • ☐☐

_____
_____
_____
_____
_____
_____

☐ Other (provide detailed description)

*Please provide a detailed description on the right or in a separate document submitted with this Claim Form*

☐☐ – ☐☐ – ☐☐☐☐
MM    DD    YYYY

$ ☐☐☐☐☐ • ☐☐

_____
_____
_____
_____
_____
_____

**If you do not submit Reasonable Documentation supporting a Documented Loss Payment claim, or your claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, your claim will be considered for a Cash Fund Payment.**

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**

05-CA40068676
AJ2935 v.04

5

## V. CERTIFICATION

By submitting this Claim Form, I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments are true and correct. I further submit to the jurisdiction of the Court with respect to my claim and for purposes of enforcing the releases set forth in any Final Judgment that may be entered in the Action.

I acknowledge that, as of the Effective Date of the Settlement, pursuant to the terms set forth in the Settlement Agreement, and by operation of law and the Final Judgment, I shall be deemed to release and forever discharge and shall be forever enjoined from prosecuting any claims relating to the Data Breach and the Released Claims against Hope College and the Released Parties (as more fully defined in the Settlement Agreement and/or Final Judgment).

I declare under penalty of perjury under the laws of the jurisdiction where I reside that the foregoing is true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me. I also understand that all claim payments are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator.

|  |
|---|
| Signature |

Date: ☐☐ – ☐☐ – ☐☐☐☐
MM     DD     YYYY

|  |
|---|
| Print Name |

## VI. ATTESTATION
## (REQUIRED FOR DOCUMENTED LOSS PAYMENT CLAIMS ONLY)

I declare that I suffered the Documented Losses claimed above. I also attest that the Documented Losses claimed above are accurate and were not otherwise reimbursable by insurance. I declare under penalty of perjury under the laws of my state of residence that the foregoing is true and correct.

|  |
|---|
| Signature |

Date: ☐☐ – ☐☐ – ☐☐☐☐
MM     DD     YYYY

|  |
|---|
| Print Name |

**Questions? Go to www.HopeCollegeSettlement.com or call 1-888-511-1291.**

06-CA40068676
AJ2936 v.04

6

Attachment 5



**Exclusion Report**
*In re Hope College Data Breach Litigation*

| Number | Name |
|--------|------|
| 1 | KEILI MALDONADO |
| 2 | KRISTI K JUDD |
| 3 | SHIRLEY M BINGHAM |
| 4 | NICOLE L HARZDORF |
| 5 | REBECCA L HUIZENGA |
| 6 | KATHERINE E JONKER |