# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE HOPE COLLEGE DATA SECURITY
BREACH LITIGATION

Case No. 1:22-cv-01224

CLASS ACTION

HON. PAUL L. MALONEY

## ORDER GRANTING FINAL APPROVAL

WHEREAS, on January 3, 2024, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement, and directing that Notice be given to the Settlement Class.

WHEREAS, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to object or opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether the Final Approval Order and Judgment should be entered dismissing this Action with prejudice;

WHEREAS, a Final Approval Hearing was held on *May 20, 2024*, and Settlement Class Members were notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of attorney's fees, costs, and expenses to Class Counsel, and requested Service Awards to Class Representatives.

NOW, THEREFORE, the Court having heard the presentation of Settlement Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the

1

proposed Settlement, having determined that the Settlement is fair, reasonable, and adequate, having considered the application for attorney's fees, expenses, and costs made by Settlement Class Counsel and the application for Service Awards to the Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

**THIS COURT FINDS AND ORDERS AS FOLLOWS:**

1. This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes only of the settlement of the Released Claims as to the Released Parties set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's January 3, 2024 Preliminary Approval Order (ECF No. 32). Based on the record, the Court reconfirms the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4. The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable, Fed. R. Civ. P. 23(a)(l); (ii) common questions of law and fact exist with regard to the Settlement Class, Fed. R. Civ. P. 23(a)(2); (iii) Plaintiffs' claims in this litigation are typical of those of Settlement Class Members, Fed. R. Civ. P. 23(a)(3); and (iv) Plaintiffs' interests do not conflict with, and are coextensive with, those of absent Settlement Class Members, all of whose claims arise from the identical factual predicate, and Plaintiffs and Settlement Class Counsel have adequately represented the interests of all Settlement Class Members, Fed. R. Civ. P. 23(a)(4).

5. The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Fed. R. Civ. P. 23(b)(3).

6. This Court has personal jurisdiction over Plaintiffs, Hope College (in this Action only and for purposes of this Settlement), and all Settlement Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1332(d)(2).

7. The Court finds that the Class Notice, website, and Notice Plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Final Approval Hearing, of Plaintiffs Counsel's application for an award of attorneys' fee and expenses, and of Plaintiffs' application for a Service Award associated with the Action; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

8. Though not fully in compliance with the objection procedure listed in the Class Notice, a Settlement Class Member submitted a letter raising certain issues with the Settlement. Additionally, there have been six (6) requests for exclusion (i.e., opt-outs) to the Settlement. Settlement Class Members who timely and properly opted out from the settlement are identified in Attachment 5 to the Declaration of Cameron R. Azari, Esq. on Implementation and Adequacy of Settlement Notice Plan.

9. The Settlement Class, which will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement.

11. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs.

12. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Settlement Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement treats Settlement Class Members equitably relative to each other.

13. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects and any and all objections are overruled. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

14. Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by Plaintiffs or Hope College, is disapproved or materially modified in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then the provisions of this Final Approval Order dismissing Plaintiffs' claims shall be null and void with respect to such Settlement; Plaintiffs' claims shall be reinstated; Hope

College's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions as of the Execution Date of the Settlement Agreement. Notwithstanding the language in this Paragraph, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

15. The Escrow Account defined in the Settlement Agreement shall be established as a trust and as a fiduciary account (the "Settlement Fiduciary Account"). The Court approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, and the Treasury Regulations promulgated thereunder.

16. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction over the Settlement, the Settlement Agreement, enforcement of Court orders relating to the Settlement and the Settlement Agreement, and the administration and consummation of the Settlement.

17. In addition, without affecting the finality of this Final Approval Order, Plaintiffs, Hope College, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of

the U.S. District Court for the Western District of Michigan for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement. Any disputes involving Plaintiffs, Hope College, or Settlement Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

18. Each Settling Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, set forth in the Claim Form and Release, in order to receive any Settlement Relief defined in the Settlement Agreement. Notwithstanding the foregoing, each Settling Class Member's claim shall be released pursuant to Section 4 of the Settlement Agreement, regardless of whether the Settling Class Member executes a release and covenant not to sue pursuant to this paragraph.

19. The Court hereby confirms the appointment of Benjamin F. Johns of Shub & Johns LLC as Settlement Class Counsel.

20. The Court hereby confirms the appointment of Plaintiffs Jennie Devries, Tricia Garnett, Mark Cyphers, Timothy Drost, Joseph Rodgers, Emily Damaska, and Elise Carter as Class Representatives.

21. The Court hereby confirms the appointment of Epiq Class Action & Claims Solutions, Inc. and/or its affiliate Hilsoft Notifications as Settlement Administrator.

22. The Court hereby approves the Releasing Parties' release of their Released Claims as set forth in the Settlement Agreement and this Final Approval Order as of the Effective Date.[1]

---

[1] The release under the Settlement Agreement, Section 4, provides as follows: Upon the Effective Date, and in consideration of the Settlement Benefits described herein, the Class Representatives and all Class Members identified in the settlement class list in accordance with Section 6.4, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from

23. As of the Effective Date as defined in the Settlement Agreement, the release set forth in the Settlement Agreement shall be binding upon Plaintiffs, the Settlement Class, and the Releasing Parties as to Hope College and the Released Parties.

24. The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against Hope College involving Released Claims(s), and shall also be binding on the Releasing Parties and their respective successors and assigns, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the Settlement.

25. The Court permanently bars and enjoins Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Hope College or any of the Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Hope College or any of the Released Parties based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of

---

instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Data Breach or otherwise arises out of the same facts and circumstances set forth in the class action complaint in this Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any third party. Nor does this Release apply to any Class Member who timely excludes himself or herself from the Settlement.

7

pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Hope College or any of the Released Parties based on the Released Claims.

26. Neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among Class Counsel and Hope College in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Hope College or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for purposes of the Settlement. Further, the Settlement negotiations, including any documents exchanged among Settlement Class Counsel and Hope College and any discussions associated with them, may not be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense.

27. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

28. Any data or other information provided by Settlement Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, Hope College's Counsel and experts or consultants acting on behalf of the Settlement Class. In no event shall a Settlement Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

29. The Claim Form and Release referenced in the Settlement Agreement in Section 7.1(a) & exhibit A thereto is approved as fair, reasonable, and adequate.

30. Settlement Class Counsel's request for attorneys' fees and expenses and Plaintiffs' application for Service Awards shall be the subject of a separate order by the Court.

31. Should any remaining amount of the Net Settlement Fund be economically not distributable, the Parties shall petition the Court for permission to distribute the remaining funds to an approved non-profit recipient, providing the Court with details of the proposed non-profit recipient.

**SO ORDERED** this _____ day of _____, _____.

                                                _____
                                                HON. PAUL L. MALONEY
                                                United States District Judge